Mr. Murphy Yes. Yes, Your Honor. All right, you may proceed, Mr. Pangman. Thank you.  The district court announced his standard said you're suspended by them for whatever reason due process, whatever they can have the worst reason in the world except non payment of dues, and we can suspend you to. Well, that's not the law. To warrant a reciprocal suspension, a valid suspension must comport with due process, maintain a deprivation of liberty and property that needs to be legitimate reason, measured by constitutionally permissible standards, sufficient process is necessary. An enforcement scheme that does not create an unacceptable risk of erroneous deprivation. Absent a valid constitutionally sufficient determination of fault or guilt, deference to a suspension in the state court is not rational. There's no reason basis to infringe. Certainly there would not be a basis sufficient to satisfy a higher degree of scrutiny. Here's an illustration. If they suspended in Wisconsin, simply because of dues, then once it's paid, Wisconsin may still hold a license suspended. Because maybe OLR had a hunch or conflicted bias or just the mood. For any reason whatsoever, as Justice, as Judge Adelman stated. But Judge Adelman, to be fair, Judge Adelman also said that if there were any reason to worry about due process, that the Wisconsin Office of Lawyer Regulation and the whole system that Wisconsin has set up for these things provide ample due process for anyone who's going through it. They provide a framework of due process if there was a disciplinary situation. There's a hearing, there's notice, there's time limits, and a process. There's even, ironically, a process for someone who is administratively suspended for less than three years. It says that in that situation, if the Board of Bar Examiners did not recommend or denied the recommendation for reinstatement, there's a time limit, 30 days in which to respond, and a process by which someone who's aggrieved could seek remedy. But in a three-year suspension, that's controlled by Sub 1M. And all it says is three things. One, you have to file the petition, where to file it, and so on. Two, it says that the Board of Bar Examiners shall make a determination and submit its findings. Only the Board of Bar Examiners is the determination and findings. In the third provision, it talks about OLR's role. It says it shall, mandatorily shall, investigate eligibility. It doesn't say make a determination. And it says give a response that it's going to support or oppose. It does not say any findings, does not say make a comment, does not say that they can come in with some skewed collection of opinions and innuendos. But can I just say, I mean, as you're speaking, the one thing that keeps coming through to me is that this body investigates, it makes recommendations, the actor is the Supreme Court of Wisconsin. Isn't that a problem for you? I understand what you're saying. First off, it's not to make a recommendation. It is to say we support or we oppose. And then it goes to the Wisconsin Supreme Court. Which can accept, ignore, change, say go back and do some more work? What limits are there, especially federal limits on what the state court can do? I think that that's part of the constitutionally infirmed framework that I confronted. Because there is not a provision that lays out that type of structure and limits and hearing pre-deprivation, which is required in this situation. So, Mr. Pangman, have you ever seen a case in the country in which a state Supreme Court has been constrained, as you think the Wisconsin Supreme Court should be constrained here, as it administers its bar? I think that, yes, there are cases, and I've cited some. The court in this function is not actually, I believe, functioning in an adjudicative capacity, but it is an administrative capacity in setting up this structure. But what they omitted was a structure for a due process hearing. For if there is some objection to my reinstatement, there should have been a formal accusation, a meaningful hearing at a meaningful time, and from the magistrate, findings of fact, where I can confront, and so forth. That procedure is not put into this framework, and that's why I have brought a challenge and sought a declaratory judgment and an injunctive relief against this Wisconsin framework. It doesn't measure up to due process standards. So I have brought a lawsuit against certain actors that have a role in this enforcement function. All are. And I brought a suit against them in their personal and official capacity for their acts, omissions, indifference, basically their conduct, but also because they have a role in enforcing this scheme and procedure. And because they actually used STIRP and took non-delegated authority to keep me blocked from reinstatement and keep me from my due process access to a meaningful hearing. The code provides you an opportunity to contest the OLR's recommendation through a written response and a hearing, if you wish, and you didn't do that. There's nothing in there that says that there is something if the Board of Bar Examiners, for example, declined to certify. Then there is something spelled out for people who are under three years suspension that says here's how you abide. There was nothing that said... The code permits the Supreme Court to appoint a referee in a contested petition for reinstatement. Yeah. That's section 2108. And they didn't. Well, they did because you didn't ask for it. Well, in February... You didn't respond. On February 7th, the representative of OLR said give him this hearing or rule on the petition, which I took it to mean look at the petition, grant it, since there's plenty of basis to just simply grant it and there is no probative proof assembled to keep me from having that. Or if they don't want to grant it, then set it for hearing. And that's what was requested. But you didn't respond to the OLR's report. Well... And that left the court with an uncontested opposition from the OLR and the court acted on that and denied your petition for reinstatement. There was plenty of process available. You just didn't avail yourself of it. Judge Sykes, there is a requirement for mandatory 90-day process that OLR did not abide by. I then brought a federal suit and the forum that I was in asking for the hearing was the federal court because nothing had come to the Wisconsin Supreme Court at that point. Everything I had submitted went to letterhead that said Wisconsin Supreme Court Office of OLR and I submitted all of the things in the extensive petition. I submitted nine copies as was required where I had a sworn affidavit that was accepted by OLR and the Wisconsin Supreme Court in July of that year as valid and sufficient. So I had that basis. I had lots of letters of recommendation that had substance to it from esteemed members of the bar, five of them. I didn't even receive those letters. They were asked to be sent to the OLR. They were sent. OLR, manipulatively, simply said, oh, there were some letters of recommendation. As far as I could tell, they didn't submit them. I didn't have them in my possession to submit. But what I did have was a sworn accepted affidavit attesting to my character and my competence. And it was uncontested and I had a ruling, prevailing ruling of the Wisconsin Supreme Court that said that I did have the capability and the fitness and character to practice law. There was no probative evidence submitted contrary to that. There was something that exceeded the authority of OLR that was something beyond what they were required to do and fell short because they didn't comply with the actual rule that was there. What I had was a forum in the federal court. And I was looking forward to an opportunity to have a open process hearing. The Wisconsin Supreme Court had a chance to set it down for a hearing, but their process allowed them to not do that. And that is. Mr. Pingman, your time has expired. Thank you. All right, thank you. Mr. Murphy. Good morning, Your Honor, and may it please the court. My name is Mike Murphy. I represent the defendant FLEs of officials, officials from the Wisconsin Office of Lawyer Regulation, often referred to as OLR. Mr. Pingman has no claim against OLR because all that OLR did here was follow the Supreme Court rules to investigate and report upon his eligibility to be readmitted. OLR did not decide or deny his petition. The Wisconsin Supreme Court did. OLR was just a co-participant along with Mr. Pingman in that Supreme Court proceeding. This all started when Mr. Pingman filed a petition for reinstatement with the Wisconsin Supreme Court. Because it had been more than three years since his suspension, and, indeed, it had been more than 20 years, Supreme Court rules required OLR to investigate and report upon his ineligibility. And a Wisconsin Supreme Court binding opinion includes in that inquiry elements of character and fitness. OLR did that investigation, discovered that Mr. Pingman had outstanding Wisconsin tax warrants, had prior unpaid child support, was unable or unwilling to disclose and explain his income for the past 20 years, and was unable to account for $650,000 of client funds he had previously received. OLR filed these findings with the court, recommended against reinstatement, and for these good reasons, the Wisconsin Supreme Court denied reinstatement. Rather than challenge or seek review of that Wisconsin Supreme Court decision, Mr. Pingman has sued officials of OLR, but he's stated no claim. There's no procedural due process claim here because the proceeding before the Wisconsin Supreme Court, to which OLR and Mr. Pingman were both participants, satisfied due process. There's no substantive due process claim against OLR for two reasons. First, because OLR did not make the decision to deny the petition. And second, even looking through that to the Wisconsin Supreme Court decision, U.S. Supreme Court precedent allows states to consider character and fitness elements as part of their bar admission standards, and that's what the Wisconsin Supreme Court considered here. There's no separation of powers issues because OLR did not make any rules here. OLR just followed rules of the Wisconsin Supreme Court and Wisconsin Supreme Court decisions. And the Wisconsin legislature has delegated by statute to the Wisconsin Supreme Court the ability and power to make those rules. And he has stated no facts that could support an equal protection or class of one claim. For those reasons, the district court was correct to dismiss this case. We ask that decision to be affirmed. That is all of the comments I've prepared this morning, but I'd be happy to answer any of the court's questions. Hearing none, I think we're concluded. Thank you very much, Mr. Pingman. You had used all your time, which has now expired. So we'll take the case under advisement and we'll move to our.